IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § § v. § § § CALVIN DWAYNE BROWNING § § | CASE NUMBER 6:11-CR-002(3)-RC |

REPORT & RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

On December 13, 2016, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Calvin Dwayne Browning. The government was represented by Bill Baldwin, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Public Defender Ken Hawk.

Defendant originally pled guilty to the offense of Possession with Intent to Distribute Marijuana, a Class D felony. The offense carried a statutory maximum imprisonment term of five (5) years. The United States Sentencing Guideline range, based on a total offense level of 23 and a criminal history category of VI, was the statutorily authorized maximum sentence of 60 months. On November 7, 2011, District Judge Leonard Davis sentenced Defendant to 60 months of imprisonment followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse aftercare, and a $100 special assessment. On April 10, 2015, Defendant completed the term of imprisonment and began his term of supervised release.

1

Under the terms of supervised release, Defendant was required to report to a probation officer as directed by the Court or probation officer and submit a truthful and complete written report within the first five days of each month. In its petition, the government alleges that Defendant violated this condition of supervised release by failing to report to the probation office as scheduled on October 18 and October 24, 2016.

Under the terms of the supervised release, Defendant was also required to work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons. In its petition, the government alleges that Defendant violated this condition of supervised release by failing to maintain suitable employment or provide proof of suitable employment during his term of supervision.

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by failing to report to the probation office on October 18 and October 24, 2016 and by failing to maintain suitable employment or proof of suitable employment during his term of supervision, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of VI, the Guideline Imprisonment Range for a Grade C violation is 8 to 14 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing the acts alleged above. In exchange, the government agreed to recommend a sentence of 12 months and 1 day with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, the Court **RECOMMENDS** that Defendant Calvin Dwayne Browning be committed to the custody of the Bureau of Prisons for a term of imprisonment of 12 months and 1 day with no supervised release to follow.  The Court **FURTHER RECOMMENDS** that the place of confinement be Texarkana in order to facilitate family visitation.

**So ORDERED and SIGNED this 14th day of December, 2016.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE